IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PLAYTIPUS LLC and<br>POLTORAK MEDIA LLC,<br><br>                              *Plaintiffs*,<br><br>    v.<br><br>HALFBRICK STUDIOS PTY LTD.,<br><br>                              *Defendant*. | No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Playtipus LLC ("Playtipus") and Poltorak Media LLC ("Poltorak Media") (collectively, "Plaintiffs"), for their complaint of patent infringement in this matter, hereby allege through their attorneys as follows:

**Nature of the Action**

This is an action for patent infringement of United States Patent No. 7,164,882 (the "'882 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., seeking damages and other relief under 35 U.S.C. § 281, *et seq*.

**The Parties**

1.      Plaintiff Playtipus LLC is a Delaware limited liability company with its principal place of business at 75 Montebello Road, Suffern, New York 10901.

2.      Plaintiff Poltorak Media LLC is a Delaware limited liability company with its principal place of business at 75 Montebello Road, Suffern, New York 10901.

3.      Upon information and belief, defendant Halfbrick Studios Pty Ltd. ("Halfbrick") is a proprietary limited company organized and existing under the laws of Australia with its

principal place of business in Queensland, Australia. Upon information and belief, Halfbrick does business in the State of Texas and in the Eastern District of Texas.

## Jurisdiction and Venue

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code §100, *et. seq.*, §§ 271, 281, and 284 - 85, among others.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. This court has personal jurisdiction over Halfbrick.  Upon information and belief, Halfbrick has directly or indirectly through one or more of its subsidiaries, affiliates, partners, or other related parties, conducted and/or continues to conduct business within the State of Texas, including in this Judicial District.  Upon information and belief, Halfbrick or its agents have committed and continue to commit acts of infringement in the United States, the State of Texas and this Judicial District by, by among other things, making, using, testing, importing, offering for sale, and/or selling the accused products that infringe the '882 Patent, and/or inducing or contributing to the infringement of others of the asserted patent in this district.

7. Halfbrick is subject to this Court's specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to at least to its substantial business in this forum, which is either conducted directly and/or through intermediaries.  Such substantial business includes: (i) committing at least a portion of the infringements alleged herein, including using, distributing, importing, testing, making, offering for sale, selling, and/or marketing, supporting and advertising of the accused products in Texas and in this Judicial District, and (ii) regularly doing or soliciting business in the State of Texas and in this Judicial District, engaging in other

persistent courses of conduct in this Judicial District including maintaining continuous and systematic contacts in Texas and in this Judicial District, purposefully availing itself of the privileges of doing business in Texas and in this Judicial District, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

8.  The exercise of jurisdiction over Halfbrick would not offend traditional notions of fair play and substantial justice.

9.  Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Halfbrick is subject to personal jurisdiction in this Judicial District, and Halfbrick has transacted business and has committed and continues to commit acts of patent infringement in this Judicial District, entitling Plaintiffs to relief. For example, upon information and belief, Halfbrick or its agents have made, used, tested, sold, offered for sale, and/or imported infringing products in this Judicial District and/or have contributed to or induced the infringement of others in this Judicial District.

**The Patent-In-Suit**

10.  On January 16, 2007, the '882 Patent, entitled "Apparatus and Method for Facilitating a Purchase Using Information Provided on a Media Playing Device," was duly and legally issued by the United States Patent and Trademark Office. Alexander I. Poltorak is the named inventor listed on the face of the '882 Patent. The '882 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. A true and correct copy of the '882 Patent is attached hereto as Exhibit A.

11.  Poltorak Media is the owner by assignment of the '882 Patent. Poltorak Media holds all rights, title, and interest in the '882 Patent, including the right to collect and receive damages for past, present, and future infringements.

12. Playtipus is a wholly-owned subsidiary of Poltorak Media and is the exclusive licensee under the Poltorak Media patent portfolio, including the '882 Patent. Dr. Poltorak, the named inventor of the '882 Patent, is the principal of Playtipus, which is in the process of commercializing the inventions claimed in the '882 Patent.

13. The '882 Patent's inventions solve technical problems related to the receipt of media content.  As one example, prior to the claimed inventions it was not technically feasible for a receiver of media content to purchase a good or service related to the media content from a device used for the display of such media content.  The '882 Patent claims a particular manner of providing media content – including by transmitting additional information along with the media content for facilitating the purchase of another good or service – that overcomes the existing problems with conventional media content provider systems.  For example, additional information may be transmitted in conjunction with the media content, thus transforming the original media content into one that allows a user to purchase another good or service while experiencing the media content.

14. The '882 Patent does not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet or on a computer.  Indeed, prior to the '882 Patent, there was no well-known practice for purchasing a good or service related to media content from a device used for the display of such media content.  The '882 Patent's inventions provide a user with a system that provides for the playing of media content and the purchasing of a good or service related to such media content in order to capitalize on the period of time when a user may be a captive audience. Prior to Dr. Poltorak's inventions, there was no well-known media playing device with the ability to (1) play media content; (2) receive information regarding the media content; (3) receive additional

information to facilitate the purchase of media content, a good, or a service; (4) process that information in order to facilitate the purchase of such media content, good or service; and (5) place a purchase request concerning such media content or a good or service related to such media content. The '882 Patent claims recite one or more inventive concepts that exist only in computer technology, and overcome problems specifically arising in the realm of such technology.

15. The '882 Patent claims recite inventions that are not merely the routine or conventional use of the Internet, computer networks, or media playing devices. Instead, the inventions allow a media playing device to make use of specific information provided from a central server, in order to provide functionality that allows the purchase of goods or services from the media playing device that was not previously conventionally available.

16. Upon information and belief, Halfbrick makes, uses, offers for sale and sells various entertainment games for devices including at least Fruit Ninja™ that use and/or incorporate the technology claimed in the '882 patent.

**COUNT I: INFRINGEMENT OF THE '882 PATENT BY HALFBRICK**

17. Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1 through 16 as if set forth here in full.

18. Halfbrick is not licensed under the '882 patent, yet Halfbrick knowingly, actively, and lucratively practices the claimed inventions of the '882 patent.

19. Upon information and belief, Halfbrick makes, uses, tests, offers to sell, and/or sells within the United States, and/or imports into the United States and its Territories, without license or authority, entertainment applications, such as Fruit Ninja™ collectively, the "Accused Products", that, when downloaded by Halfbrick, Halfbrick's agents, Halfbrick's customers

and/or Halfbrick's end users on devices such as cellular phones and tablets, result in the infringement of the claims of the '882 Patent, including but not limited to making the apparatus of at least claim 23, and using the apparatus of claim 23 for all purposes, including by using the apparatus to make "in-app" purchases.

20. On information and belief, Halfbrick indirectly infringes under 35 U.S.C. § 271(b) by inducing infringement of the claims of the '882 Patent by others including its customers and end users of its applications, to make, use, provide, supply, distribute, sell and offer to sell products and systems that infringe one or more claims of the '882 Patent in the United States generally, and in the Eastern District of Texas in particular. As detailed above, the direct infringement induced by Halfbrick includes at least the operation of the Accused Products by its customers and/or end users, including the operation of the Accused Products for making "in-app" purchases. Halfbrick knows that these users are infringing the '882 Patent at least by virtue of the filing of this Complaint, and Halfbrick has the specific intent to encourage these users to infringe the '882 Patent by practicing all of the claim limitations of at least one claim of the '882 Patent, and by continuing to offer the ability to make "in-app" purchases through the Accused Products. Halfbrick induces these users to operate the Accused Products, knowing that these acts constitute infringement of the '882 Patent and with specific intent to encourage those acts and encourage infringement.

21. Upon Halfbrick's gaining knowledge of the '882 Patent, it was, or became, apparent that the manufacture, sale, importing, offer for sale, testing and use of its Accused Products results in infringement of the '882 Patent. Upon information and belief, Halfbrick has or will continue to engage in activities constituting inducement of infringement, notwithstanding its knowledge (or willful blindness thereto) that the activities it was inducing result in

infringement of the '882 Patent. For example, Halfbrick is inducing infringement of the '882 Patent by, among other things, knowingly and with intent, actively encouraging its users to make and use the Accused Products in the United States generally, and in the Eastern District of Texas in particular, in a manner that constitutes infringement of one or more claims of the '882 Patent, knowing that such activities infringe the '882 Patent.

22. Halfbrick encourages direct infringement of the '882 Patent at least by widely publicizing its infringing Accused Products, and instructing its customers and users how to use the same in an infringing manner.

23. By inducing at least the end users of the Accused Products to use the apparatuses and/or methods claimed in the '882 Patent, including through their use of the aforementioned Accused Products, Halfbrick has been and is now indirectly infringing under 35 U.S.C. § 271(b) one or more claims of the '882 Patent, either literally or under the doctrine of equivalents.

24. Upon information and belief, Halfbrick has also indirectly infringed and is now indirectly infringing under 35 U.S.C. § 271(c) by way of contributing to the infringement of others, including its customers, by making, using, importing, providing, supplying, distributing, selling, and offering to sell at least the Accused Products and systems that infringe one or more claims of the '882 patent in the United States generally, and in the Eastern District of Texas in particular.  Upon information and belief, end users have used, and continue to use, the Accused Products in an infringing manner.  More specifically, upon information and belief, Halfbrick sells and offers to sell to its customers the Accused Products, which are not staple articles of commerce and which have no substantial uses outside of those that infringe the claims of the '882 Patent. In particular, upon the installation of the Accused Products in or on a user's device,

7

an infringing system has been made, and all uses of the Accused Products require their installation.

25. As a result of Halfbrick's unlawful infringement of the '882 Patent, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial. Plaintiffs are entitled to recover from Halfbrick the damages adequate to compensate for such infringement, in the amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284, which have yet to be determined. The full measure of damages sustained as a result of Halfbrick's wrongful acts will be proven at trial.

26. Upon information and belief, Halfbrick will continue to infringe Plaintiffs' exclusive rights under the '882 Patent and will continue to damage Plaintiffs, causing irreparable harm, unless and until it is enjoined by this Court.

27. Plaintiffs are entitled to pre-suit damages, and are not barred from pre-suit damages by 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and respectfully request that this Court enter judgment in their favor and that the Court grant Plaintiffs the relief as follows:

A. Judgment that one or more claims of the '882 Patent have been infringed and/or continue to be infringed directly and/or indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, by Halfbrick and by others to whose infringement Halfbrick has contributed and by others whose infringement has been induced by Halfbrick;

B. Holding that the '882 patent is not invalid and not unenforceable;

C.     A permanent injunction enjoining Halfbrick and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the '882 patent;

D.     Judgment that Halfbrick account for and pay to Plaintiffs all damages and costs incurred by Plaintiffs as a result of Halfbrick's infringing activities under 35 U.S.C. § 284, to adequately compensate Plaintiffs for Halfbrick's infringement of the '882 patent, but in no event less than a reasonable royalty for the use made by Halfbrick of the inventions claimed in the '882 patent, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

E.     Award to Plaintiffs of the damages to which they are entitled under 35 U.S.C. § 284 for Halfbrick's past infringement and any continuing or future infringement, including compensatory damages;

F.     Award to Plaintiffs of all costs (including all disbursements) and expenses in this action;

G.     Award to Plaintiffs of pre- and post-judgment interest on their damages; and

H.     Award to Plaintiffs of such other and further relief in law or in equity as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable by right.

Dated: December 14, 2015          Respectfully submitted,

By: /s/Andrew W. Spangler
Andrew W. Spangler
TX SB #24041960
SPANGLER LAW, P.C.
208 N. Green St., Suite 300
Longview, TX 75601
Telephone (903) 753-9300
Facsimile (903) 553-0403
spangler@spanglerlawpc.com

Mark Raskin
Robert Whitman
Michael DeVincenzo
Charles Wizenfeld
MISHCON DE REYA NEW YORK LLP
Two Park Avenue, 20th Floor
New York, NY 10016
Telephone (212) 612-3270
Facsimile  (212) 612-3267
mark.raskin@mishcon.com
robert.whitman@mishcon.com
michael.devincenzo@mishcon.com
charles.wizenfeld@mishcon.com

*Attorneys for Plaintiffs*
*Playtipus LLC and Poltorak Media LLC*